972 F.2d 1354
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Harry R. WATKINS, Petitioner,
v.
DEPARTMENT OF THE TREASURY, Respondent.
 No. 92-3262.
 United States Court of Appeals, Federal Circuit.
 June 8, 1992.
 
 MSPB
 AFFIRMED.
 PER CURIAM.
 
 
 1
 Harry R. Watkins appeals the December 5, 1991 decision, Docket No. CH0752910745I-1 of the Merit Systems Protection Board (Board), which became final on January 9, 1992. In that decision, the Administrative Judge (AJ) affirmed the Department of the Treasury's action in removing Watkins from his position of Contact Representative with the Internal Revenue Service (IRS). Because the AJ's decision was based on substantial evidence, we affirm.
 
 
 2
 The IRS proposed Watkins' removal based on two charges. First, the agency alleged that Watkins violated Rule 211 of its Rules of Conduct. That rule requires employees to conduct themselves in a "courteous, businesslike, and diplomatic manner." The agency alleged that in response to a taxpayer's telephonic request for information and copy of a worksheet, Watkins sent an IRS envelope which used a profane word in place of the taxpayer's first name. Additionally, the envelope contained only a scrap of paper with a message bearing swear words.
 
 
 3
 The agency also charged petitioner with "disruptive and abusive behavior in the work area." The agency alleged that Watkins responded to a supervisor's request to temporarily relocate from his designated workstation by shouting profanities and obscenities.
 
 
 4
 To support its allegations, the agency submitted testimony of Watkins' supervisors and an expert forensic document examiner, as well as additional documented evidence of petitioner's history of hostile behavior toward other individuals. Watkins put forward only his denial of sending the letter, citing no additional evidence. He admitted in a written reply to the charges that he was "out of line" in his behavior toward his supervisor, and did not deny the agency's allegations in the second charge. The AJ thus found that a preponderance of the evidence supported the IRS' allegations. The AJ also concluded that Watkins' claim that he was unaware of the impropriety of his conduct was without merit, because Watkins had received the IRS' Handbook of Employee Responsibilities and Conduct, and because "the impropriety of such behavior is self-evident...." Initial Decision at 5. Finally, the AJ found that Watkins' conduct was extremely serious and intentional. In the absence of any counterbalancing mitigating circumstances, the AJ sustained the penalty of removal.
 
 
 5
 We reverse a decision of the Board only if it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Penalty determinations are left to the sound discretion of the agency, and are overturned only if the severity of the penalty is totally unwarranted, given the circumstances. DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984), cert. denied, 470 U.S. 1054 (1985). Watkins presented no evidence, other than a flat denial that he sent the offensive letter. In light of the significant amount of testimony to the contrary, as well as the serious nature of the conduct involved, we hold that the Board based its decision to sustain the charges on substantial evidence, and that the penalty is not unwarranted.